## United States Bankruptcy Court
### Southern District of Georgia

14-42035

In re  **Douglas K. Farley**                                        Case No.
                      Debtor(s)                                     Chapter   **13**

## CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ **150.00** for the applicable commitment period of:

   ☒ 60 months: **or**                                 (If applicable include the following): These plan payments
   ☐ a minimum of 36 months. § 1325(b)(4).             change to $____ in month ____.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $ **3,000.00** to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   | **-NONE-** | | |

   **IN THE ALTERNATIVE:**
   ☒ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | **Pennymac Loan Services** | **$1,510.00** |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | **-NONE-** | | | | |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | **WELLS FARGO FINANCIAL** | **HOUSEHOLD GOODS** | **$500.00** | **3.25**% | **$20.00** |

   (g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

   | CREDITOR | ESTIMATED PREPETITION CLAIM |
   |---|---|
   | **Pennymac Loan Services** | **$4,530.00** |

(h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____ %; ☐ without interest.

    CREDITOR
    -NONE-

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a __0__ % dividend or a prorata share of $ __100.00__ , whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:   ☐ Direct to the Creditor; or   ☐ To the Trustee

    CREDITOR      ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT
    **-NONE-**

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

    CREDITOR      ADDRESS
    **-NONE-**

5. Pursuant to 11 U.S.C. §522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

    CREDITOR      PROPERTY
    **-NONE-**

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **Sheffield Financial** | **2010 POLARIS 4-WHEELER** | **FULL SATISFACTION** |

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other provisions: **THE DEBT OWED TO BANK FIRST/BB&T, ACCOUNT #490433805999001 SHALL BE PAID DIRECT OUTSIDE THE CHAPTER 13 BY THE CO-SIGNER.**

**THE LEASE HELD WITH VW CREDIT SHALL BE ASSUMED AND PAID DIRECT OUTSIDE THE CHAPTER 13.**

**THERE MAY BE SOME TAXES THAT SURVIVE YOUR DISCHARGE. IF SO, YOU WILL NEED TO DEAL DIRECTLY WITH THE TAXING AUTHORITY TO COMPLETE YOUR OBLIGATION.**

**THE DEBTOR(S) AGREE TO INCREASE PLAN PAYMENT, IF NECESSARY, TO COMPLY WITH 11 U.S.C. 1325 AND 1328. ANY FEES, EXPENSES AND CHARGES ASSERTED UNDER FED. R. BANKR. P. 3002(c) ARE NOT TO BE FUNDED THROUGH THE CHAPTER 13 PLAN. DEBTOR(S) WILL PAY THESE POST-PETITION EXPENSES DIRECTLY TO THEIR MORTGAGE HOLDER/SERVICER UNLESS THE COURT HAS DISALLOWED THEM ON A MOTION FILED UNDER FED. R. BANKR. P. 3002(e).**

**DEBTS THAT ARE DISCHARGED - THE CHAPTER 13 DISCHARGE ORDER ELIMINATES A DEBTOR'S LEGAL OBLIGATION TO PAY A DEBT THAT IS DISCHARGED. MOST, BUT NOT ALL, TYPES OF DEBTS ARE DISCHARGED IF THE DEBT IS PROVIDED FOR BY THE CHAPTER 13 PLAN OR IS DISALLOWED BY THE COURT PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE.**

**DEBTS THAT ARE NOT DISCHARGED - SOME OF THE COMMON TYPES OF DEBTS WHICH ARE NOT DISCHARGED IN A CHAPTER 13 BANKRUPTCY CASE ARE: A. DOMESTIC SUPPORT OBLIGATIONS; B. DEBTS FOR MOST STUDENT LOANS; C. DEBTS FOR MOST FINES, PENALTIES, FORFEITURES, OR CRIMINAL RESTITUTION OBLIGATIONS; D. DEBTS FOR PERSONAL INJURIES OR DEATH CAUSED BY THE DEBTOR'S OPERATION OF A MOTOR VEHICLE, VESSEL, OR AIRCRAFT WHILE INTOXICATED; E. DEBTS FOR RESTITUTION, OR DAMAGES,**

**AWARDED IN A CIVIL ACTION AGAINST THE DEBTOR AS A RESULT OF MALICIOUS OR WILLFUL INJURY BY THE DEBTOR THAT CAUSED PERSONAL INJURY TO AN INDIVIDUAL OR THE DEATH OF AN INDIVIDUAL; F. DEBTS PROVIDED FOR UNDER SECTION 1322(b)(5) OF THE BANKRUPTCY CODE AND ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN WAS DUE; G. DEBTS FOR CERTAIN CONSUMER PURCHASES MADE AFTER THE BANKRUPTCY CASE WAS FILED; H. DEBTS FOR CERTAIN TAXES TO THE EXTENT NOT PAID IN FULL UNDER THE PLAN AND; I. SOME DEBTS WHICH WERE NOT PROPERLY LISTED BY THE DEBTOR.**

**THIS INFORMATION IS ONLY A GENERAL SUMMARY OF THE BANKRUPTCY DISCHARGE. THERE ARE EXCEPTIONS TO THESE GENERAL RULES BECAUSE THE LAW IS COMPLICATED.**

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Date **December 9, 2014**          Signature **/s/ Douglas K. Farley**
                                             **Douglas K. Farley**
                                             Debtor

*Revised 10/2005*

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                  Best Case Bankruptcy